# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN LEE EMBREY,<br><br>Plaintiff,<br><br>v.<br><br>MCCOMAS, *et al.*,<br><br>Defendants. | Case No.  1:20-cv-00650-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO SERVE DEFENDANTS, FAILURE TO PROSECUTE, AND FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jordan Lee Embrey ("Plaintiff") is a county jail inmate proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Obendena and Williams for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

**I.      Service of Process**

On November 24, 2020, the Court issued an order directing service of process on Defendants.  (ECF No. 14.)  As Plaintiff is not proceeding *in forma pauperis*, the Court informed Plaintiff that it was his responsibility to initiate service of process on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Id. Plaintiff was provided with the appropriate service forms, a copy of Rule 4, and instructions on how to serve Defendants. Plaintiff was ordered to complete service of process on Defendants within ninety (90) days, and

was warned that unless good cause was shown, Plaintiff's failure to timely complete service of process on Defendants and to file proof thereof with the Court would result in dismissal of any unserved defendants.  (Id.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

The deadline for Plaintiff to complete service of process and file proof thereof with the Court has expired, and Plaintiff has not otherwise communicated with the Court since he was ordered to complete service of process on Defendants.  Plaintiff has therefore failed to show good cause why he did not complete service of process on either of the Defendants in this action.

**II.     Failure to Prosecute and Failure to Obey a Court Order**

**A.     Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's service of process on Defendants is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's November 24, 2020 service order expressly warned Plaintiff that his failure to timely complete service of process on Defendants and to file proof thereof with the Court would result in dismissal of any unserved defendants pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 14, p. 3.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Although Plaintiff is not proceeding *in forma pauperis* in this action, it appears upon a review of his prisoner trust fund account that monetary sanctions would be of little use, (ECF No. 8), and the preclusion of evidence or witnesses is likely

to have no effect given that Plaintiff has ceased litigating his case.

**III.     Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to serve process on Defendants pursuant to Federal Rule of Civil Procedure 4(m), failure to prosecute, and failure to obey a court order.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 12, 2021**          /s/ Barbara A. McAuliffe        _
                                       UNITED STATES MAGISTRATE JUDGE